## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Olympic Automotive &n Accessories, The Wellness Inc., and José Joaquín Robles DBA Ventas y Representación. Plaintiffs** | **Civil Case No. 14-1026** |
| **Vs.** | |
| **Puerto Rico Electric Power Authority; Juan Alicea, Executive Director of the Puerto Rico Electric Power Authority; Katherine Ríos Vázquez, in her personal and official capacity District Manager of Customer Service for Commercial Subscribers; and Cynthia Rodríguez in her personal and official capacities as Regional Director of the San Juan Region. Defendants** | |

### COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME, PLAINTIFFS**, through the undersigned attorneys, and very respectfully state, allege and pray:

JURISDICTIONAL STATEMENT

1. This is a civil action commenced by plaintiffs who are all subscribers of the electric service furnished exclusively by the Puerto

Rico Power Authority, one of the defendants and hereinafter referred to PREPA. The plaintiffs complain that the defendants have violated the plaintiffs' right to due process of law by willfully discouraging, impeding, curtailing and preventing access to administrative procedures put in place by the Puerto Rico Legislature and which are the only vehicle available for plaintiffs to object or challenge the cost basis for the electric service to which the plaintiffs are subscribed. Plaintiffs allege violation of their rights under the Substantive, Procedural and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States of America. Plaintiffs also pray for equitable relief from all actions, procedures, customs and practices put in place and which impinge upon the plaintiffs rights, lawful enjoyment of property, liberty, and their economic rights not to be subjected to the payment of services and costs not incurred by them, as well as compensatory, economic, and punitive damages in an amount no less than $1,000,000.00 plus attorneys fees and costs pursuant to the provisions in 42 USC §1983, and §1988. This Court then has original jurisdiction pursuant to 28 USC §1331, and supplemental jurisdiction pursuant to 28 USC 211367. Venue is proper under 28 USC §1391(b).

2.  The defendants in this case are an individual, and a public corporation of the Commonwealth of Puerto Rico, which is not a political subdivision of said entity, which operates with assets which are not directly the property of said entity, and which operates with moneys which are not derived from said entities' treasury.   Therefore, the immunity recognized in the Eleventh Amendment to the Constitution of the United States does not preclude the exercise of federal jurisdiction.

THE PARTIES

3.   The plaintiff Olympic Automotive & Accessories is a corporate entity which operates in the Commonwealth of Puerto Rico pursuant to a charter recognized by the Department of State of the aforementioned entity.  This plaintiff is the subscriber for account 7890922000 with meter number 17221079.

4.  The plaintiff The Wellness Inc. is a corporate entity which operates in the Commonwealth of Puerto Rico pursuant to a charter recognized by the Department of State of the aforementioned entity. This plaintiff is the subscriber for account 1549722000 with meter number 16280653.

5.  The plaintiff Jose J. Robles- is an individual who has subscribed an account for the sales and service part of Olympic, which operates in

3

the Commonwealth of Puerto Rico pursuant to a charter recognized by the Department of State of the aforementioned entity. This plaintiff is the subscriber for account 8890922000 with meter number 15517339.

6. All three subscribers operate in the same building structure which is owned by a single entity which is not a subscriber of PREPA electric service.

7. The PREPA is a public corporation of the Commonwealth of Puerto Rico.

8. Juan Alicea is the Executive Director of the Puerto Rico Electric Power Authority.

9. Katherine Ríos Vázquez is the District Manager for Commercial Customer Service for San Juan.

10. Cynthia Rodríguez is the San Juan Regional Director for PREPA operations and is the individual directly responsible for the actions depicted forthwith.

FACTS

11. The PREPA is the sole provider of electric service in the Commonwealth of Puerto Rico.

12. Electric service is an essential service necessary for the appropriate enjoyment of life, property and liberty in contemporary times.

4

13.    The PREPA installed an electric power grid throughout the Commonwealth of Puerto Rico, and is the only entity authorized by Puerto Rico law to distribute electricity, and to exploit natural resources in order to produce electricity.

14.    As a result of state legislation, the PREPA also regulates the mechanisms that may be installed to produce, distribute and consume electricity throughout the Commonwealth of Puerto Rico, regardless of whether these are connected to the power grid.

15.     The PREPA sends its customers a monthly bill for the electric service it provides.

16.    This bill charges a fixed charge allegedly for the electric grid infrastructure.

17.    The bills also charges one or several variable charges identified in the electric bill.

18.    These charges are billed separately from the fixed charges but they are not properly itemized or described in the form sent to the clients.

19.    Amongst these charges there is a variable charge itemized as a fuel adjustment charge.

20.   That charge is comprised of several factors which are explained in very general terms on a notice circulated by the PREPA to its subscribers.

21.   Since the law granted wide authority to the PREPA to recover the costs from producing electricity from its subscribers, the PREPA incorporates into the fuel adjustment charge a variety of charges which are not disclosed or described in the monthly bill sent to each subscriber.

22.   The PREPA is empowered by law to recover the costs incurred in the administration of its distribution system, principal and interest on the bonds it has issued, and to be able to meet its obligations with the entities that hold these bonds.  22 LPRA §196 (l).

23.   The PREPA is exempt from taxes. 22 LPRA §212(a).

24.   Therefore, it is required to set aside 11% of its gross sales income for activities associated with state and municipal operations, policy and subsidies. *Id* subpart (b).

25.   Nonetheless, by information and belief, the PREPA incorporates into its fuel adjustment charge the amount of electricity and costs associated with these state and municipal operations, policies, and subsidies.

26.   Therefore, the fuel adjustment charge winds up being inflated by electricity consumed by state and municipal governments.

27.   The Puerto Rico Legislature has also enacted legislation which requires that the PREPA subsidize the electric service, or a portion thereof in benefit of certain individuals, industries, religious, and non-profit organizations.

28.   The plaintiffs in this case then end up paying for services that they did not buy, consume or otherwise enjoy.

29.   The fuel adjustment charge also fails to properly reflect the costs and savings associated with co-generation plants, individuals and entities with alternate production systems who must either sell the electricity they produce to the PREPA for distribution, or who claim adjustments against their own consumption of electricity furnished by the PREPA.  These individuals cannot or should not be allowed to recover a fuel adjustment charge such as the one established by the PREPA.

30.   These results in the subscribers either being partially or completely slammed to other providers without their knowledge consent or approval.

31.   The consumers also wind up paying a portion of fuel adjustment charge which is not incurred into by the PREPA.

32.    In June 37, 1985 the Puerto Rico Legislature enacted Law 33, which is codified at 27 LPRA §262; which is known as the Act to Establish Minimal Procedural Requirements for the Suspension of Essential Public Services.    The law is directly applicable to the operations of the PREPA.  Article 2, of Law 33, 27 LPRA §262a.

33.    The Act requires the PREPA to provide notice and the chance for the subscriber to object each electric service bill, prior to the suspension of that service. *Id* Article 3, 27 LPRA §262b.

34.    The PREPA is preempted from suspending the electric service while the objection is investigated.  *Id*

35.    After initial adjudication the non-prevailing subscriber may move for review by an examiner who is an attorney not under the employ of PREPA to entertain the arguments raised by the subscriber.  A deposit may be required in this juncture. *Id* subpart (f).

36.    After that, a non-prevailing subscriber may seek judicial review.  *Id* subpart (h).

37.    The plaintiffs in this case have consistently objected a portion of their monthly bill as unlawful because of the incorporation of costs which do not correspond to the production of electricity, or which do not properly reflect the cost basis for the electricity consumed by them and

produced by third parties who cannot include a fuel adjustment charge as part of their electricity production costs.   The plaintiffs have also raised as part of their objections, that the PREPA does not make adequate disclosures of these costs in the electricity bill.

38.   PREPA's lack of adequate disclosure in their monthly bill hinders upon the plaintiffs' ability to properly address the cost-basis which underlies their monthly electricity bill.  Therefore, the plaintiffs must assume that a portion of their monthly bill is improper and hence object only to that portion of the monthly bill which they estimate corresponds to the improperly imposed charges.

39.   These objections have been ongoing for the at least the past year, and even before then.

40.   All plaintiffs in this case have pending or unresolved objections with the PREPA in its administrative objection procedure.

41.   The initial step of the PREPA objection resolution process is a sham.   The officer initially tasked with the investigation does not address the disclosure or the cost-basis objections.  Instead, the officer in charge of the initial investigation sends a determination indicating that there is nothing wrong with the meter, regardless of whether the plaintiffs' claims had anything to do with the meter.

42.     The PREPA does not fully resolve these objections in order to avoid a determination on the validity of the hidden and unlawful costs charged and objected by the plaintiffs.

43.     The plaintiffs have no outstanding electric service bills for which an objection is not pending.   Therefore, the PREPA is enjoined from interrupting service.

44.     In various separate instances throughout the last year, the PREPA has suspended service, or threatened to suspend service, or executed or terminated the surety, as to all plaintiffs in this case.   These are improper adverse service actions taken by the PREPA.

45.     When confronted with the improper adverse service actions, the PREPA employees indicate that the division in charge of suspending service for failure to pay the outstanding bills does not have access to the information or files which contain the status of objections filed by the plaintiffs.   This results in a disconnection order being dispatched.   As a result, the service of subscribers who have objections pending is suspended unlawfully or improperly.

46.     Suspension in circumstances in which an objection is pending neglects to provide the subscribers with a pretermination hearing.

47.   Moreover, the PREPA has failed to properly reflect in its accounting records that a portion of the outstanding debt has been objected by the subscribers.  As a result, plaintiffs receive monthly bills which have excessive amounts in arrears that have pending objections.

48.   The PREPA issues a blanket warning in its bills that unpaid amounts may result in termination, or suspension of  the electricity power service.  However, with regards to Olympic Automotive & Accessories it did not notify whether it intention to terminate service prior to disconnecting the same in December 4, 2013.  Instead it surreptitiously entered its operating local and took away the meter without explanation or prior warning.

49.   The PREPA does not properly address erroneous disconnection claims.  It keeps no on-call department to handle these claims of erroneous disconnections, and PREPA staff in charge of these disconnections has no access to proper documentation regarding pending objections.  As a result, the plaintiffs in this case are or have been forced, in several occasions during the past year, to appear at the regional offices of the PREPA, show their pending objections, in order for the service to be reconnected.

50.    Therefore, the PREPA also fails to have a proper post-termination procedure for reconnection of the electric service.

51.    In other instances during the last year and even before, when the plaintiffs, appear at the offices of the PREPA in order to tender partial payment of the bill, along with the objection corresponding to the portion of the service which they contend is unlawful, employees of the PREPA indicate that they have been instructed to reject objections based on the fuel adjustment charge, or that are based on anything other than errors in the reading of the electric service meters.

52.    The employees refer to Katherine Rios and Cynthia Rodriguez, co-defendants, as the person who instructed them to reject the tendered objections.

53.    As a result, despite, and in reprisal, for filing and pursuing these objections; the PREPA suspended the electric service for Olympic Automotive and Accessories, without proper prior notice on December 4, 2013; despite the fact that the subscriber has no outstanding bills which have not been objected to.

54.    On December 6, 2013 a letter was sent to the Executive Director for the PREPA requesting that the service be reconnected, and that letter did not result in reconnection, nor was the letter answered.

55.   As a result, despite, and in reprisal, for filing and pursuing these objections; the PREPA notified its intent to suspend the electric service for The Wellness Inc. on December 23, 2013; despite the fact that the subscriber has no outstanding bills which have not been objected to.

56.   As a result, despite, and in reprisal, for filing and pursuing these objections; the PREPA terminated the account and executed the security bond for the electric service for José J. Robles without proper prior notice.   The PREPA claims that this subscriber has left an outstanding debt for electric service; despite the fact that the subscriber has no outstanding bills which have not been objected to. Without a properly bonded account, the PREPA is entitled to suspend service as it requires that each and every account is bonded.

57.   The suspension of electricity service for both The Wellness Inc. and José J. Robles is imminent.

58.   Additionally, throughout the year preceding, and even before then, this filing the PREPA has attempted to curtail and impede the objection procedure by demanding the deposit of payments in excess of that required by 27 LPRA §262b(e).

59.   Additionally, throughout the year preceding this filing , and even before then,has attempted to suspend, modify, or otherwise terminate the security bond associated to the plaintiffs' electric service account claiming that the objected charges exceed the outstanding bond.

60.   Additionally, throughout the year preceding this filing , and even before then, has attempted to suspend or terminate the plaintiffs' electric service claiming improper use of the power or electric meter device which they are subsequently unable to substantiate.

61.   These actions have been ordered and implemented by co-defendants Katherine Ríos and Cynthia Rodriguez.

62.   The plaintiffs in this case operate businesses which rely on the electric service and suspension would be catastrophic.

63.   Olympic Automotive & Accessories operates a warehouse for automotive part supply and currently has its service interrupted.  The meter under the Robles account serves the sales and service division of that business.

64.   The Wellness Inc., operates a gym and healthy lifestyle facility in the same building.

14

65.   As a consequence the plaintiffs have suffered damages and are in peril of continuing to suffer damages which constitute both compensable and irreparable harm.

66.   The Supreme Court has long ago clearly established the right of a subscriber to be afforded a hearing prior to the suspension of an essential service and for a resolution of his objection to the electric service bill.

CONSTITUTIONAL VIOLATIONS

67.    The defendants have violated the plaintiffs rights under the Procedural Due Process Clause, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America.

68.   The defendants have implemented subsidies which benefit individuals based upon religious considerations all of which violates the Equal Protection Clause.

69.   The defendants have implemented a faulty suspension procedure which violates the Procedural Due Process Clause because it does not allow for a significant pre-termination prior to the suspension of the electric service.

70.   The defendants have failed to properly implement a procedure that reduces the risk of an improper termination of the electric service while an objection is still pending, in violation of the due process clause.

71.   The defendants have suspended or threatened to suspend the plaintiffs' electric service without affording them due process of law.

72.   The defendants have taken steps to circumvent the objection procedure required by the Constitution and enacted pursuant to local law, through the modification, suspension or elimination of the security bond associated to the accounts of each of the three plaintiffs without due process of law.

73.   The defendants have taken steps to circumvent the objection procedure required by the Constitution and enacted pursuant to local law, through the modification, suspension or elimination of the electric service claiming unsubstantiated improper use of the electric service, without due process of law.

74.   The defendants have engaged in a pattern of retaliation against the plaintiffs for their filing of the objections to the portion of the costs included in their electricity bill, and which they deem unlawful in violation of the right of access to redress of grievances inherent in the

First and Fourteenth Amendments to the Constitution of the United States of America.

75.    The defendants demand payment for costs and charges which were not incurred by them in violation of the due process clause.

76.    The defendants demand payment for costs and charges which were incurred by the PREPA in subsidies which benefit the state and municipal government, which constitutes a taking of private property for govermental purposes without adequate compensation and in violation of the due process clause.

77.    The defendants demand payment for costs and charges which were incurred by the PREPA in subsidies mandated by the Puerto Rico Legislature which benefit third party individuals, which constitutes a taking of private property for governmental purposes without adequate compensation and in violation of the due process clause.

78.    The defendants have implemented a scheme by which they elude the ultimate resolution of these objections set forth by the plaintiffs in violation of the procedural due process clause.

COMMERCIAL VIOLATIONS

79.    The defendants incur in the unfair trade practice of slamming and cramming in violation of 42 USC §16471.

80.    The defendants have failed to implement a billing disclosure statement that provides the information required by 16 USC §2625(f).

STATE LAW VIOLATIONS

81.    The defendants have impeded the filing, or delayed the resolution of Law 33 procedures in order to avoid entertaining specific arguments raised by the defendants regarding the lawfulness of the charges included in each electricity bill through the fuel adjustment charge; in violation of Law 33 *supra.*

82.    The defendants are not entitled to transfer to the subscribers the costs associated with the energy consumption by municipal and state governments, or subsidized subscribers in violation of 22 LPRA §212.

PRAYER FOR RELIEF

83.    Plaintiffs hereby request an order from this Court enjoining the defendants from:

a. Impeding the lawful filing of objections based on the fuel cost adjustment inserted into the monthly electric service bills;

b. Interrupting the plaintiffs' electric service until each and every one of their electric service bill objection and review thereof are fully ruled upon;

18

c.  Maintaining an objection procedure that demands a deposit prior to a determination of frivolousness or to the granting of

d. Maintaining an operational structure or accounting system that allows the interruption of electric service to subscribers who have objected their bill or seeking review thereof;

e.  Suspending the account of any of the plaintiffs based upon inadequacy of the surety bond when such inadequacy is caused by unpaid charges an objection or review is still pending;

f.  Determining that the plaintiffs' use of electric service and the corresponding meter is inadequate, in retaliation for the filing of electric service bill objections and pursue of review;

g. Determining that the plaintiffs' use of electric service and the corresponding meter is inadequate because of their objection to the fuel adjustment charge in their electric bills;

h. Interrupting the electric power service, including disconnection from main power lines, disabling the power meter, or removing the same, or any other form of interruption without prior notice specific to the account;

i.  Maintaining an operation structure that does not properly manage claims of erroneous interruptions of the power service;

19

j. Incorporating into the fuel adjustment charge an adjustment factor that transfers to consumers and subscribers the electricity used by the Commonwealth of Puerto Rico, its instrumentalities, public corporations, and its municipalities;

k. Incorporating into the fuel adjustment charge an adjustment factor that transfers to consumers and subscribers the electricity used by private third parties;

l. Incorporating into the fuel adjustment charge an adjustment factor that transfers to consumers and subscribers the electricity used by religious or faith-based entities;

m. Incorporating into the fuel adjustment charge an adjustment factor that transfers to consumers and subscribers the electricity used by commercial entities;

n. Disregarding or neglecting to inform subscribers the portion of their electric bill that is served by a co-generating plant;

o. Disregarding or neglecting to inform subscribers the portion of their electric bill that constitute a payment for services consumed by other individuals;

84.   Plaintiffs hereby request that the Court impose upon the defendants the obligation to pay a sum for compensation of damages in an amount no less than $1,000,000.00.

85.   Plaintiffs hereby request the imposition of attorney's fees and costs pursuant to 42 USC §1988.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it enters judgment for the plaintiff and that it issues or remedies requested as well as those applicable pursuant to law and equity.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this January 13, 2014.

90 Ave. Rio Hondo PMB 130

Bayamon, PR 00961
Tel. 787-647-6632
Fax. 775-366-7629

S/ Julio C Alejandro S                   
**JULIO CESAR ALEJANDO SERRANO
USDC-PR 216602**
alejandroj.abogadopr@gmail.com

Document2

21